JAMES FISHER & CO., ET AL., *v.* SHIPLEY HOOVER & CO.
SAME *v.* JOHN AIKMAN.
SAME *v.* HEARN, LEE & PINCHARD.

**Parties to Actions.**
> Persons unable to show any legal interest in actions to which they seek to have themselves made parties should not be permitted to become parties.

APPEAL FROM FLEMING CIRCUIT COURT.

April 11, 1877.

OPINION BY JUDGE COFER:

We are unable to discover that the appellants manifested any legal interest in the actions to which they sought to have themselves made parties. They were in no sense the representatives of the creditors of Joseph Aikman, and had no right on their own account to intervene between the appellees and the common debtor. They exhibited no adjudication or order of the bankruptcy court affecting the debtor's property, or the rights of the appellees to proceed as they were doing in the state court; at least there is none before us. If there is finally an adjudication against Joseph Aikman in the

United States Court, that court will no doubt find means to enforce whatever rights his creditors have; but the appellants were mere volunteers, without an interest and without authority to represent the interest of creditors generally. It would be strange indeed if a few creditors of a common debtor might, by the simple act of filing a petition in bankruptcy against the debtor, arrest the proceeding of other creditors in the state courts until they might see proper to obtain an adjudication, and have an assignee appointed or obtain an injunction against them from the United States Court.

If the appellants deem it essential to arrest the proceedings in the state court they should have applied to the United States court under Sec. 5024, Rev. Stat. of the United States, for an injunction enjoining the appellees from proceeding with their actions. If they desired to avail themselves of the state statute, known as the Act of 1856, they should have proceeded according to the provisions of that act in a separate suit, and have obtained an injunction or a receiver. The mode of proceeding adopted by them was not authorized by any law, state or federal.

The answer and petition tendered is called a cross-petition, and may state facts which bring the case within the Act of 1856, but it was not made a cross-petition against the debtor, who is in such cases an indispensable party.

The judgments must therefore be *affirmed*.

*W. H. Card, Lindseys, for appellants.*

*R. H. Stanton, for appellees.*